UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DAVID LYNN MEADOR,                    )
                                      )
                Plaintiff,            )
                                      )    Civil Action No.
                                      )    12-12163-DPW
           v.                         )
                                      )
THE COUNSELING AND PSYCHOTHERAPY      )
CENTER, INC., ET AL,                  )
                                      )
                Defendants.           )
                                      )

**MEMORANDUM AND ORDER**
September 30, 2014

The plaintiff, a convicted sex offender convicted in North Dakota for failure to register, brings this action challenging certain conditions of his probation. The defendants are a service provider that contracts with the State of North Dakota to provide services for high risk sexual offenders and two of its employees. I will grant the motion (#35) for summary judgment of the defendants and deny those (##32 and 20) of the plaintiff.

The short and sufficient answer to the plaintiff's action is that the defendants are not state actors as required in a civil rights action under 42 U.S.C. § 1983. It is long settled that in carrying out and being charged to carry out in a discretionary fashion services required under a probationary directive, a service provider such as the defendant is not

1

transmuted into a state actor. *See generally Rendall-Baker* v. *Kohn*, 457 U.S. 830, 839-43 (1982).

Nor is there any substantial claim of constitutional violation, even if the defendants - and not the State of North Dakota - were considered to be the relevant state actor or treated as engaged in a civil rights conspiracy. I am of the view that neither the use of a polygraph nor the particular form of supervision about which the plaintiff seems most apprehensive, the potential use of a penile plethysmograph for monitoring, is categorically unconstitutional when considered in the context of supervision of offenders. *Cf. Berthiaume* v. *Caron*, 142 F.3d 12, 17-18 (1st Cir. 1998) (questioning *Almy* v. *Harrington*, 977 F.2d 37 (1st Cir. 1992) (Woodlock, J. for the court)).

In any event, concerns about the propriety of conditions of supervision are properly addressed in the first instance to the court imposing a criminal sentence. Absent a final determination of the judgment of conviction favorable to the plaintiff here, it is inappropriate to entertain what is in essence a collateral attack on that judgment. *Cf*. *Heck* v. *Humphrey*, 512 U.S. 477, 486-87 (1994).

Accordingly, the defendants' motion for summary judgment (#35) is hereby GRANTED and the plaintiff's motions for summary judgment (##32 & 20) are DENIED.


                                        **/s/ Douglas P. Woodlock**
                                        DOUGLAS P. WOODLOCK
                                        UNITED STATES DISTRICT